ROBERT J. PUGSLEY, sheriff, plaintiff in error, *vs.* THOMAS DREW, defendant in error.

Where the sheriff levied upon property of the principal pointed out by the security, and a claim was interposed thereto which was subsequently dismissed for some technical defect, and the amount due paid to the plaintiff in *fi. fa.* by the security:

*Held,* that the sheriff was not liable to be attached for contempt for failing to proceed with said execution, in the absence of further instructions from such security.

Sheriff. Execution. Principal and security. Contempt. Before Judge HERSCHEL V. JOHNSON. Emanuel Superior Court. April Term, 1874.

For the facts of this case, see the decision.

CARSWELL & DENNY, for plaintiff in error.

JOSEPHUS CAMP, by brief, for defendant.

WARNER, Chief Justice.

This was a rule against the sheriff of Emanuel county, calling upon him to show cause why he should not pay to the plaintiff the amount due on a certain described *fi. fa.* which had been placed in his hands for collection. The sheriff, in his answer to the rule, stated that the *fi. fa.* was placed in his hands by the plaintiff; that Drew, one of the defendants therein, who was security, pointed out a horse to be levied on as the property of Moon, the principal defendant in *fi. fa.*, which was done by the sheriff; the horse was claimed by Brinson, as executor of Lewis. When the claim case came on for a hearing in court it was dismissed for some technical defect in the claim papers, but what was the defect, the record does not show. Drew then paid the amount due on the *fi. fa.* to the plaintiff. After that was done, Drew, the security, did not give the sheriff any order or instructions to proceed to make the money due on the *fi. fa.* out of Moon, the principal defendant therein, and he deeming said *fi. fa.* paid and satisfied, took no further steps in regard to the same, not having had any instructions from any one to do so. On hearing this showing of the sheriff, the court granted a rule absolute against him for the amount due on the *fi. fa.;* whereupon, the sheriff excepted.

The plaintiff sought to make the sheriff liable under the statute by an attachment for contempt of court in not collecting the amount due on the *fi. fa.* The answer of the sheriff was not traversed. In our judgment, the court erred in making the rule absolute against the sheriff, on the statement of facts contained in his answer. The sheriff had levied the *fi. fa.* on property which was claimed, and when the claim was dismissed by the court, and the *fi. fa.* paid by the security, the sheriff was not in contempt for not proceeding to collect the *fi. fa.* for the benefit of the security, unless he had been ordered by the court to have done so, or by the security who had paid it. When the security paid off the *fi. fa.*, he had the right to direct the sheriff to collect it for his benefit, which he did not

do. Whether the property levied on was worth more or less than the amount of the *fi. fa.*, the record does not disclose. The sheriff did not know that the security desired to control the *fi. fa.* and enforce its collection out of the property of the principal until he had been instructed to do so.

Let the judgment of the court below be reversed.